UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| CHARLENE HUTCHINSON, | ) | CASE NO. 1:15-cv-1144 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | |
| CAROLYN W. COLVIN, ACTING COMMISSIOINER OF SOCIAL SECURITY, | ) ) ) | MEMORANDUM OPINION AND ORDER |
| | ) | |
| DEFENDANT. | ) | |

This matter is before the Court on the parties' stipulation and petition for an award of attorney fees to plaintiff under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412, in the amount of $4,300.00. (Doc. No. 24 ["Stip."].) Plaintiff filed a brief and documentation in support of the stipulation. (Doc. No. 26.) According to the stipulation, the parties' agreement represents a compromise of disputed positions which will fully satisfy all of plaintiff's fees, costs, and expenses under 28 U.S.C. § 2412. (Stip.)

For the reasons that follow, the parties' stipulation and petition for an award of attorney fees to plaintiff is granted.

**A. Background**

Plaintiff filed this action seeking review of the Commissioner of Social Security's ("Commissioner") denial of her application for disability insurance benefits and application for supplemental security income. (Doc. No. 1.) After briefing, the magistrate judge recommended that the final decision of the Commissioner denying benefits be

vacated because it was not supported by substantial evidence, and that the case be remanded pursuant to 42 U.S.C. 405(g) for further proceedings. (Doc. No. 20 (Report and Recommendation ["R&R"]) at 1804-05.[1]) The Commissioner advised the Court that it would not be filing objections to the R&R (Doc. No. 21), and the Court adopted the R&R, vacated the Commissioner's decision, and remanded the matter to the Commissioner for further proceedings. (Doc. Nos. 22 and 23.)

The parties agree in their stipulation now before the Court that an attorney fee award to plaintiff under the EAJA is subject to offset by any outstanding federal debt owed by plaintiff pursuant to *Astrue v. Ratliff*, 560 U.S. 586, 130 S. Ct. 2521, 117 L.Ed.2d 91 (2010). (Stip.) The parties further agree that, to the extent that the attorney fee award payable to plaintiff is not subject to offset by pre-existing debts to the United States, defendant will direct that the award be made payable to plaintiff's counsel pursuant to the attorney fee assignment between plaintiff and her counsel. (*Id.*)

**B. Discussion**

The EAJA requires the government to pay a prevailing social security plaintiff's attorney fees and costs "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. 2412(d)(1)(A); *see Howard v. Barnhart*, 376 F.3d 551, 554 (6th Cir. 2004). Plaintiff brought this action for judicial review of the Commissioner's denial of her application for disability benefits, and succeeded in securing a remand to the Commissioner for further

---

[1] All references to page numbers are to the page identification numbers generated by the Court's electronic filing system.

2

consideration. "A plaintiff who wins a remand of her social security appeal in this Court is a 'prevailing party[.]'" *Hammock v. Comm'r of Soc. Sec.*, No. 1:12-CV-250, 2015 WL 7292750, at *1 (S.D. Ohio Oct. 26, 2015), *report and recommendation adopted sub nom. Hammock v. Acting Comm'r of Soc. Sec.*, No. 1:12-CV-250, 2015 WL 7276087 (S.D. Ohio Nov. 18, 2015).

The EAJA provides that the amount of an attorney fee award shall be based on prevailing market rates, but shall not exceed $125 per hour, unless the Court determines that the cost of living or special factors justifies a higher fee. 28 U.S.C. § 2412(d)(2)(A)(ii). Plaintiff's counsel's EAJA time statement submitted in support of the parties' stipulation (Doc. No. 26-4) indicates that legal services were rendered in this case from June 2015 to September 2016, for a total of 25.9 hours.[2] The number of hours of work performed by plaintiff, divided into the proposed stipulated EAJA fee of $4,300.00, results in an hourly rate of $166.00.

The change in the cost of living over the years since the $125 per hour rate was established justifies an increase in the statutory rate. *See Crenshaw v. Commissioner of Social Security*, No. 1:13CV1845, 2014 WL 4388154 at *3 (N.D. Ohio Sept. 5, 2014). The appropriate measure of inflation in this geographic area is the "Midwest Urban" CPI.[3] *See Crenshaw,* 2014 WL 4388154 at *3 (collecting cases). The average Midwest Urban CPI for the period in which plaintiff's counsel provided services in this case is

---

[2] The number of claimed is not exorbitant. Having examined the statement, and considering plaintiff's successful outcome, the Court concludes that 25.9 hours is reasonable in this case.

[3] CPI is the acronym for Consumer Price Index. The Midwest Urban CPI may be found on the website of the Bureau of Labor Statistics (http://www.bls.gov).

225.45. Dividing this number by 151.7, the CPI for March 1996 when the EAJA value of $125 was established,[4] the Court calculates the cost of living increase to be 1.49 (i.e. 224.91 ÷ 151.7 = 1.486). Multiplying $125 by that increase, the adjusted hourly rate is $186.25 (i.e. $125 x 1.49). The Court has also examined and considered the materials provided by plaintiff in support of the stipulated fee petition. Those materials reflect that the prevailing hourly rate for attorneys in the Cleveland area for the kind and quality of service provided by plaintiff's attorney in this case is approximately $200 per hour. Thus, an increase in the $125.00 hourly statutory rate is justified in this case.

The Court concludes that the hours of work performed by plaintiff's counsel in this case, and the hourly rate of $166.00, are both reasonable and supportable under the EAJA. It is the government's burden to show that its position was substantially justified in order to avoid an award of attorney fees to the prevailing party under the EAJA. *Wilson v. Astrue*, No. 2:10-CV-463, 2011 WL 3664468, at *1 (S.D. Ohio Aug. 19, 2011) (citations omitted). The government does not contend that its position was substantially justified, and the Court is not aware of any special circumstances in this case that would make an award of attorney fees under the EAJA unjust. Accordingly, the Court awards to plaintiff the stipulated attorney fee in the sum of $4,300.00.

---

[4] *See Crenshaw*, 2014 WL 4388154 at *3.

As the parties recognize in their stipulation and petition, EAJA attorney fees are subject to offset to satisfy pre-existing federal debt owed by plaintiff. Payment may be made directly to plaintiff's attorney only if plaintiff owes no debt to the government and plaintiff has assigned any right to EAJA attorney fees to the attorney.[5] *Crenshaw*, 2014 WL 4388154 at *5. The Commissioner is ordered to determine, within 30 days from the date of this order, whether plaintiff owes a pre-existing debt to the government, to offset any such debt against the award granted herein, and to pay the balance to the plaintiff, or to plaintiff's attorney, in accordance with the provisions of any assignment plaintiff has made with respect to EAJA fees.

## C. Conclusion

For the reasons set forth herein, the parties' stipulation and petition for an award of EAJA attorney fees pursuant to 28 U.S.C. § 2412 in the amount of $4,300.00 is granted. This amount shall be paid in accordance with the procedure outlined above.

**IT IS SO ORDERED**.

Dated: November 16, 2016

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**

---

[5] The parties' stipulation states that there is an assignment by plaintiff of attorney fees to counsel, and plaintiff attached a fee agreement assigning EAJA fees to her supporting documentation. (Doc. No. 26-8.)